UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ARASHI and LAURIE ARASHI,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NEVADA, et al.,<br><br>Defendants. | No. 2:25-cv-1753 DAD AC PS<br><br><br>ORDER |

Plaintiffs are proceeding in pro se and have paid the filing fee. This case is accordingly referred to the undersigned for pre-trial matters pursuant to Local Rule 302(c)(21). Defendants filed a motion to dismiss this case. ECF No. 7. Plaintiffs opposed the motion (ECF No. 8) and defendants have replied (ECF No. 12). The motion is fully briefed and was taken under submission. ECF No. 14. For the reasons set forth below, the undersigned recommends defendants' motion to dismiss be GRANTED because this court lacks subject matter jurisdiction.

**I. Background**

A.  The Complaint

Plaintiffs are individual citizens of Nevada County, California. ECF No. 1 at 2. Defendant the County of Nevada is a municipal service entity and taxing authority under California law. Id. at 2-3. Plaintiffs are the owners of commercial real property consisting of

1

26,366 square feet, located in Nevada County ("subject property"). Id. at 3. The subject property was purchased in September 2023 in an arms-length transaction for approximately $1.2 million. Id. at 3. The County Assessor, by and through named defendant deputy assessors, assigned a reassessment value of $1.5 million, or approximately $56.97 per square foot. Id. Plaintiffs allege that comparable commercial properties "provide direct evidence of unequal and arbitrary assessment practices" noting that two buildings built in the 1990s and foreclosed in 2019 are currently assessed at $11.43 per square foot and $13.02 per square foot. Id.

Plaintiffs previously contested an over-assessment on another property in which the same deputy assessor was involved and overruled, and plaintiffs allege this indicates a pattern of retaliatory conduct. Id. Plaintiffs contend that no similar property has been assessed above its arms-length transaction purchase price within Nevada County based on their review of 123 comparable commercial transactions within a two-year window. Id. at 4. Five agents acting for the County declined to purchase the subject property at the assessed value following three site visits from the County official responsible for property acquisitions, which plaintiffs allege confirms that the market does not support the inflated assessment. Id.

Plaintiffs attach a letter from Tyson Tucker, Managing Director at Coldwell Banker Commercial, who acted as broker for both buyer and seller for the subject property, as Exhibit A. Id. at 4, 11. Plaintiffs also attach as Exhibit B an email from Mr. Tucker stating that the County's source of erroneous sales data, "CoStar," relied on fabricated or inaccurate information that was later corrected. Id. at 5, 12. Plaintiffs allege that both of these documents were provided to the Assessor's office, but the County continued to enforce the inflated assessment. Id. at 5.

Plaintiffs filed the complaint in this case on June 23, 2025. ECF No. 1. They present claims of constitutional violations under 42 U.S.C. § 1983 including lack of due process and equal protection, violation of their right to a jury trial, improper administrative interpretation of the California Revenue and Taxation Code, and fraudulent inducement. Id. at 5-7. Plaintiffs ask the court to declare the $1.5 million valuation void because it violates due process and equal protection, enjoin the County from using and enforcing the inflated assessment, and award actual and punitive damages. Id. at 7.

B. Motion to Dismiss

Defendants move to dismiss on multiple grounds, but primarily pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, arguing that the complaint is barred by the Tax Injunction Act and the principal of comity. ECF No. 7 at 8. Because the undersigned agrees that subject matter jurisdiction is barred by the Tax Injunction Act, only that issue is addressed here.

## II. Analysis

A. Legal Standard for Motions to Dismiss Pursuant to F.R.C.P. 12(b)(1)

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377–78 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the court. Fed. R. Civ. P. 12(b)(1); 12(h)(3); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583–84 (1983). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is a jurisdictional attack and may be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false resulting in a lack of subject matter jurisdiction. Id. In these circumstances, the allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). In this case, defendants have mounted a "facial" attack. Specifically, defendants argue that subject matter jurisdiction in this case is barred as a matter of law by the Tax Injunction Act. ECF No. 7.

B. The Tax Injunction Act Deprives This Court of Jurisdiction

The Tax Injunction Act states that a district court "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient

remedy may be had in the courts of such State." 28 U.S.C. § 1341. "[T]he statute has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." Tully v. Griffin, Inc., 429 U.S. 68, 73 (1976). The Supreme Court has repeatedly noted that the Tax Injunction Act creates a "broad jurisdictional barrier," Arkansas v. Farm Credit Servs. of Cent. Ark., 520 U.S. 821, 825 (1997) (internal quotation omitted), which "limit[s] drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes," California v. Grace Brethren Church, 457 U.S. 393, 408–09, (1982) (internal quotations omitted). "When applicable, the Act prohibits both declaratory and injunctive relief, as well as § 1983 suits for damages." Lowe v. Washoe County, 627 F.3d 1151, 1155 (9th Cir. 2010) (internal citations omitted).

Only when a "plain, speedy and efficient remedy" is not available in state court may a federal district court exercise jurisdiction over a party's challenge to a state tax. Id. However, federal courts "must construe narrowly [this] exception to the [Act]." Grace Brethren Church, 457 U.S. at 413. The state court remedy need only meet "certain minimal procedural criteria" for the Tax Injunction Act to bar federal jurisdiction. Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 512 (1981). Specifically, the party challenging the state tax must have access to "a full hearing and judicial determination" of all federal constitutional objections to the tax. Id. at 513 (internal quotation marks omitted). It is not required that the state remedy be "the best remedy available or even equal to or better than the remedy which might be available in the federal courts." Mandel v. Hutchinson, 494 F.2d 364, 367 (9th Cir.1974) (internal quotations omitted).

Here, although framed primarily as a challenge under 42 U.S.C. § 1983, the complaint is founded on the premise that the Assessor's valuation of plaintiffs' commercial property was illegal and seeks to block or undo the collection of local property taxes. Federal courts lack jurisdiction over such disputes. The State of California provides multiple avenues to challenge tax assessments. The state constitution bars injunctions against tax collection but permits taxpayers to pay under protest and seek a refund. See e.g. Cal. Const. art. XIII, § 32; Cal. Rev. & Tax. Code § 1601 et seq. The Supreme Court, Ninth Circuit, and Eastern District of California have all repeatedly held that California's tax challenge system provides a plain, speedy, and

efficient remedy.  See Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd., 493 U.S. 331, 338 (1990); Capitol Indus.-EMI, Inc. v. Bennett, 681 F.2d 1107, 1118 (9th Cir. 1982); Besoyan v. Sacramento County, 2018 U.S. Dist. LEXIS 164653 at 9-10, 2018 WL 4588116 (E.D. Cal. Sept. 25, 2018).

Because California provides adequate processes for contesting assessments and seeking refunds, plaintiffs cannot bypass those procedures by recasting their dispute as a federal civil rights action.  See Besoyan, 2018 U.S. Dist. LEXIS 164653 p. 10 ("plaintiff's claims under 42 U.S.C. § . . . 1985 challenging the assessment and collection of his property taxes . . . must be dismissed without leave to amend.").  Plaintiffs' argument that this case is "not a routine tax dispute" (ECF No. 8 at 1) is undercut by the fact that the remedy they seek is for this court to void the County's assessment.  ECF No. 1 at 7.  While the court understands that plaintiffs believe the assessment was inflated due to the County's desire to retaliate against them for prior challenges they made to other tax assessments (ECF No. 1 at 3), such concerns can be raised in the state process.  It is clear that the Tax Injunction Act bars this court from exercising jurisdiction over this case, and accordingly, this case must be dismissed.

### III.  Conclusion

It is RECOMMENDED that defendants' motion to dismiss (ECF No. 7) be GRANTED, that the complaint be dismissed for lack of subject matter jurisdiction, and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

////

////

////

within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 28, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE