UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ARASHI and LAURIE ARASHI,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF NEVADA, et al.,<br><br>Defendants. | No. 2:25-cv-01753-DAD-AC PS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. Nos. 7, 15) |

Plaintiff Ronald Arashi and Laurie Arashi are proceeding *pro se* in the above-captioned civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On October 29, 2025, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed due to this court's lack of subject matter jurisdiction. (Doc. No. 15.) Specifically, the magistrate judge concluded as follows:

> [A]lthough framed primarily as a challenge under 42 U.S.C. § 1983, the complaint is founded on the premise that the Assessor's valuation of plaintiffs' commercial property was illegal and seeks to block or undo the collection of local property taxes. Federal courts lack jurisdiction over such disputes. The State of California provides multiple avenues to challenge tax assessments. The state constitution bars injunctions against tax collection but permits taxpayers to pay under protest and seek a refund. *See e.g.* Cal. Const. art. XIII, § 32; Cal. Rev. & Tax. Code § 1601 et seq. The Supreme Court, Ninth

> Circuit, and Eastern District of California have all repeatedly held that California's tax challenge system provides a plain, speedy, and efficient remedy. *See Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 338 (1990); *Capitol Indus.-EMI, Inc. v. Bennett*, 681 F.2d 1107, 1118 (9th Cir. 1982); *Besoyan v. Sacramento County*, 2018 U.S. Dist. LEXIS 164653 at 9-10, 2018 WL 4588116 (E.D. Cal. Sept. 25, 2018).
>
> Because California provides adequate processes for contesting assessments and seeking refunds, plaintiffs cannot bypass those procedures by recasting their dispute as a federal civil rights action. *See Besoyan*, 2018 U.S. Dist. LEXIS 164653 p. 10 ("plaintiff's claims under 42 U.S.C. § . . . 1985 challenging the assessment and collection of his property taxes . . . must be dismissed without leave to amend."). Plaintiffs' argument that this case is "not a routine tax dispute" (ECF No. 8 at 1) is undercut by the fact that the remedy they seek is for this court to void the County's assessment. (ECF No. 1 at 7.) While the court understands that plaintiffs believe the assessment was inflated due to the County's desire to retaliate against them for prior challenges they made to other tax assessments (ECF No. 1 at 3), such concerns can be raised in the state process. It is clear that the Tax Injunction Act bars this court from exercising jurisdiction over this case, and accordingly, this case must be dismissed.

(*Id.* at 4–5.)

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 5.) On November 14, 2025, plaintiffs filed their objections to the pending findings and recommendations. (Doc. No. 16.) On November 20, 2025, defendant filed a response to those objections. (Doc. No. 17.) On December 2, 2025, plaintiff's filed a notice of clarification. (Doc. No. 18.)[1] In their objections plaintiffs repeat their argument that their claims asserted in this action are constitutional claims for retaliation and discrimination on the part of defendants rather than a tax challenge to the assessment of their property. (Doc. No. 16.) However, this contention was fully and, in the undersigned's view, properly addressed by the pending findings and recommendations and does not provide any basis upon which to reject the magistrate judge's analysis.

/////

---

[1] The court apologizes for the delay in the issuance of this order. Due to an oversight, the undersigned was unaware that these findings and recommendations were pending before the court until recently.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on October 29, 2025 (Doc. No. 15) are adopted in full;
2. Defendants' motion to dismiss (Doc. No. 7) is granted;
3. This action is dismissed due to this court's lack of subject matter jurisdiction; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 10, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE